**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

KÄRCHER NORTH AMERICA, INC.,

    Plaintiff,

v.

SOLVERE LOGISTICAL SOLUTIONS LLC,

    Defendant.

---

**COMPLAINT**

---

Plaintiff Kärcher North America, Inc. ("KNA") respectfully submits the following complaint and states as follows:

**Introduction**

1. KNA seeks damages from Defendant Solvere Logistical Solutions LLC ("Solvere") related to Solvere's wrongful withholding of funds. Specifically, Solvere served as an intermediary between KNA and third-party vendors that performed services for KNA. In that capacity, Solvere sent KNA invoices from those third parties. KNA then sent Solvere funds with the understanding that Solvere would use that money to pay the third-party invoices. Instead of paying those invoices, Solvere has held those funds for its own benefit and has refused to return the funds to KNA, without justification. Solvere's wrongful actions constitute civil theft, conversion, unjust enrichment, and breach of contract.

DEN-133934-2

## Parties

2. Kärcher North America, Inc. is a Delaware corporation with its principal place of business in Colorado.

3. Solvere Logistical Solutions LLC is a New Jersey limited liability company with its principal place of business in New Jersey. Upon information and belief, none of Solvere's members are citizens of Colorado.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) because the dispute is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The Court has personal jurisdiction over Solvere because it has transacted and is transacting business in Colorado and has purposefully availed itself of the privilege of transacting business in Colorado.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to KNA's claims occurred in Colorado, e.g., Solvere's wrongful failure to return money to KNA in Colorado.

## General Allegations

7. KNA is a manufacturer of commercial, industrial, and consumer cleaning equipment.

8. As part of its business, KNA uses freight carriers to transport its products.

9. KNA entered into a contract with Solvere under which Solvere agreed to handle certain logistics related to KNA's freight shipments (the "Agreement").

10. Solvere's obligations under the Agreement included serving as an intermediary between KNA and its freight carriers. Solvere received invoices from freight carriers that moved KNA's products. KNA would then send funds to Solvere. Solvere, in turn, was supposed to use those funds to pay the freight carriers' invoices.

11. Between January and April 2016, Solvere sent KNA invoices from freight carriers totaling $4,174,451.60. KNA sent that same amount to Solvere for the purpose of paying the freight carriers.

12. Solvere, however, paid only $3,610,424.15 to the freight carriers, and held $564,027.45 for itself (the "Converted Funds").

13. KNA repeatedly demanded that Solvere either use the Converted Funds to pay the outstanding invoices from the freight carriers, or return the Converted Funds to KNA. Solvere refused to do either, and instead held the Converted Funds for its own benefit.

14. As a result of Solvere's unlawful holding of the Converted Funds, KNA was forced to pay $564,027.45 directly to its freight carriers.

## Claims for Relief

### FIRST CLAIM FOR RELIEF
### Civil Theft (C.R.S. §§ 18-4-401 to -405)

All prior and subsequent allegations are incorporated herein.

15. Solvere knowingly exercised, and continues to exercise, dominion and control over the Converted Funds, without authorization and/or by deception, and with actual knowledge that the Converted Funds were supposed to be used to pay invoices from freight carriers.

16. Solvere intended to permanently deprive KNA of the use or benefit of the Converted Funds, and has refused to return any portion of the Converted Funds despite repeated demands from KNA.

17. Solvere's actions constitute civil theft under C.R.S. §§ 18-4-401 to -405.

18. As a result of Solvere's actions, KNA has suffered damages in an amount to be determined at trial.

19. Pursuant to C.R.S. § 18-4-405, KNA is entitled to recover three times the amount of actual damages in addition to attorney fees and costs.

## SECOND CLAIM FOR RELIEF
### Conversion

All prior and subsequent allegations are incorporated herein.

20. KNA has the right to possess the Converted Funds, and is the rightful owner of the Converted Funds.

21. KNA has repeatedly demanded the return of the Converted Funds, but Solvere has refused to return the Converted Funds.

22. By failing to use the Converted Funds to pay freight carriers and then refusing to return the Converted Funds to KNA, Solvere has knowingly exercised control over the Converted Funds without authorization and with the intent to permanently deprive KNA of the use and benefits of the Converted Funds.

23. Solvere's wrongful conversion has proximately caused KNA to suffer damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### Unjust Enrichment

All prior and subsequent allegations are incorporated herein.

24. KNA, at its expense, conferred a benefit on Solvere in the form of the Converted Funds.

25. It would be unjust for Solvere to retain the Converted Funds because Solvere has no right to that money.

26. Solvere is required to make restitution in the amount of the enrichment it unjustly received from KNA.

### FOURTH CLAIM FOR RELIEF
### Breach of Contract

All prior and subsequent allegations are incorporated herein.

27. The Agreement is a valid and binding contract.

28. KNA performed all of its obligations under the Agreement, including the delivery of the Converted Funds to Solvere.

29. Solvere breached the Agreement by failing to pay freight carriers with the Converted Funds.

30. As a result of the Solvere's breach, KNA has incurred damages in an amount to be proven at trial.

### Prayer for Relief

Wherefore, KNA respectfully asks the Court to enter judgment in its favor on each claim for relief. KNA further requests that the Court award KNA the following:

a. damages in an amount to be proven at trial;

  b. treble damages under C.R.S. § 18-4-405;

  c. reasonable attorney fees and costs as provided by law, including but not limited to C.R.S. § 18-4-405;

  d. pre- and post-judgment interest as provided by law; and

  e. such other relief as the Court deems just and proper.

Nothing contained herein or in any prior communication is intended to waive any rights, claims, or defenses allowed by law, and all such rights, claims, and defenses are hereby expressly reserved.

Respectfully submitted this 17th day of February, 2017.

        **HUSCH BLACKWELL LLP**

        *s/ Jeffrey D. Whitney*
        Jeffrey D. Whitney
        Jeff M. Van der Veer
        1700 Lincoln St., Suite 4700
        Denver, CO  80203
        Telephone:  303-749-7200
        jeffrey.whitney@huschblackwell.com
        jeff.vanderveer@huschblackwell.com
        *Attorneys for Plaintiff Kärcher North America, Inc.*