IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00444-MSK-STV

KÄRCHER NORTH AMERICA, INC.,

    Plaintiff,

v.

SOLVERE LOGISTICAL SOLUTIONS LLC,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Entered By Magistrate Judge Scott T. Varholak

This matter is before the Court on Plaintiff's Motion to Enforce Settlement Agreement (the "Motion") [#18], filed on April 14, 2017, and referred to this Court on May 2, 2017, [#24]. For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

**I.  BACKGROUND**

Plaintiff is a Delaware corporation with its principal place of business in Colorado. [#1, ¶ 2] Defendant is a limited liability company with its principal place of business in New Jersey. [*Id.* at ¶ 3] None of Defendant's members are citizens of Colorado. [*Id.*] On February 17, 2017, Plaintiff filed the instant action asserting that Plaintiff paid Defendant $4,174,451.60 for the purpose of paying freight carriers, but that Defendant paid only $3,610,424.15 to freight carriers and improperly withheld $564,027.45 for itself. [*Id.* at ¶¶ 11-12] The Complaint brings claims for civil theft, conversion, unjust

enrichment, and breach of contract. [*Id.* at ¶¶ 15-30] Defendant was served with the Complaint on February 24, 2017. [#6] On March 20, 2017, Defendant, through its principal, Patrick Florival, attempted to seek an extension of time to respond to the Complaint so that it could obtain counsel.[1] [#12] That same day, this Court struck the request for an extension because it was filed pro se, which is prohibited for business entities. [#13]

On April 14, 2017, Plaintiff filed the instant Motion. In it, Plaintiff asserts that a settlement was negotiated with Defendant on March 24, 2017, requiring Defendant to pay $50,000 per month (except for a final payment of $14,027.45) with the first payment due April 7, 2017, subsequent payments due on the first of each month totaling $564,027.45, and Defendant's agreement to entry of confession of judgment upon missing any payments for the full amount of the $564,027.45 that remains unpaid. [#18 at 2-3; #18-3 at 1] In support of this assertion, Plaintiff has attached both an affidavit and an email exchange between counsel for Plaintiff and Mr. Florival. [#18-1; #18-2; #18-3; #18-4; #18-5]

As part of the email exchange, counsel for Plaintiff writes:

> Please let me know whether you agree to the following settlement terms:
>
> - Solvere to pay Karcher $50,000 per month (except for final payment of $14,027.45);
>
> - First payment due by Friday, April 7;
>
> - Subsequent payments due the 1st of each month;

---

[1] Corporate documents filed with the New Jersey State Treasurer list Mr. Florival as one of the two Members/Managers of Defendant. [#33-1; #33-2]

2

- Total payment of $564,027.45; and

- Solvere agrees to entry of a confession of judgement [sic] <u>upon any missed payment</u> for the full amount of the $564,027.45 that remains unpaid at that time.

[#18-3 at 1]  Mr. Florival responded: "Accepted.  Thank you."  [*Id.*]  This email exchange did not mention attorneys' fees in the event of non-compliance with the agreement.  [*Id.*]

Following this email exchange, on March 30, 2017, Plaintiff's counsel emailed Mr. Florival a proposed Settlement Agreement and Confession of Judgment.  [#18-4] This Settlement Agreement contained the material terms set forth above.  [*Id.* at 8-13]  It also contained a provision providing for attorneys' fees and costs necessary to enforce the agreement.  [*Id.* at 10]  The formal Settlement Agreement provided that "[t]his Agreement shall be effective upon execution by the Parties."  [*Id.* at 11]

On April 4, 2017, Plaintiff's counsel sent an email to Mr. Florival stating "[p]lease execute, notarize, and return the attached settlement agreement and confession of judgment to me."  [#18-5 at 2]  On April 7, 2017, Mr. Florival responded that he "[f]ully intend[ed] to comply," but that same day failed to make the first payment.  [*Id.* at 1; #18-1, ¶ 10]  On April 11, 2017, Plaintiff's counsel wrote to Mr. Florival stating that Defendant had missed the first payment and that he had still not received a signed copy of the Settlement Agreement or Confession of Judgment.  [#18-5 at 1]  Mr. Florival responded that he had been involved in an install and would be returning that Wednesday "to take care of all of this."  [*Id.*]  There is no indication that the formal Settlement Agreement was ever signed by Defendant.

3

On April 14, 2017, Plaintiff filed the instant Motion.  On May 17, 2017, the Court issued an Order to Show Cause ordering Defendant to explain by June 2, 2017, why the Motion should not be granted and informing Defendant that the failure to respond "may result in the waiver of Defendant's right to file a response and confession of all facts asserted and properly supported in the Motion."  [#26]  Defendant filed no response to the Order to Show Cause and the Court issued a Minute Order on June 20, 2017, setting the Motion for a hearing.  [#28]  Defendant did not appear at the hearing on July 20, 2017.

## II.     ANALYSIS

The Court first addresses jurisdiction.  Defendant has not responded to the Complaint or the Motion, despite being given numerous opportunities to do so.  As a result, in considering jurisdiction, the Court will consider the allegations in the Complaint.  Pursuant to 28 U.S.C. § 1332(a)(1), subject matter jurisdiction is proper because the dispute is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.  [#1, ¶ 4]  The Court has personal jurisdiction over Defendant because it has and is transacting business in Colorado, and has purposefully availed itself of the privilege of transacting business in

Colorado.  [*Id.* at ¶ 5]  Defendant was served with the Complaint and, as evidenced by its attempt to seek a continuance, is well aware of this case.  [# 6; #12][2]

The Court next addresses the merits of the Motion.  "A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it."  *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) (quoting *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)).  "No evidentiary hearing is necessary in this matter because the material facts concerning the terms of the settlement agreement are undisputed."  *Siribuor v. UHS of Denver, Inc.*, No. 12-cv-00077-RBJ-KLM, 2012 WL 3590793, at *1 (D. Colo. July 23, 2012) (quoting *Brackens v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 07-cv-01953-REB-KMT, 2008 WL 906121 at *2 (D. Colo. Apr. 1, 2008)).  Here, based on the email exchanges and affidavit addressed earlier, the Court finds that a settlement agreement existed.  Specifically, the Court finds that the parties agreed to settle on the following terms:

- Solvere to pay Karcher $50,000 per month (except for final payment of $14,027.45);

- First payment due by Friday, April 7;

- Subsequent payments due the 1st of each month;

---

[2] Federal Rule of Civil Procedure 4(h)(1)(A) authorizes service if service satisfies the law of the state where service occurred.  Here, service occurred in New Jersey.  Under New Jersey law, corporations may be served by leaving a copy with a competent individual age 14 or over at an officer's dwelling place or usual place of abode.  *See* N.J. Ct. R. 4:4-4(a)(6), (1).  Limited liability companies may be served in a similar manner.  *See* N.J. Ct. R. 4:4-4(a)(5), (1); *Erwin v. Waller Capital Partners, LLC*, No. 10-cv-03283 (AET), 2010 WL 4053553, at *5-6 (applying N.J. Ct. R. 4:4-4(a)(5) to limited liability companies).  Plaintiff thus properly served Mr. Florival by leaving a copy with Mr. Florival's father at Mr. Florival's usual place of abode.  Moreover, as indicated above, Mr. Florival clearly received a copy of the summons as he attached it to the stricken motion for extension of time.  [#12]

- Total payment of $564,027.45; and

- Solvere agrees to entry of a confession of judgement [sic] upon any missed payment for the full amount of $564,027.45 that remains unpaid at that time.

[#18-3 at 1] These terms were clearly set forth in Plaintiff's counsel's March 24, 2017 email, and Mr. Florival responded that he accepted those terms. Such an exchange is sufficient to form a binding contract. *See Schoels*, 375 F.3d at 1065 ("While the [correspondence] clearly contemplates working out a more detailed agreement, nowhere does it state that the existence of a binding contract is conditioned on successfully completing that process.").

Moreover, the Court has given Defendant months to file a response, and the opportunity to appear at a hearing to address any disputes regarding the existence or enforceability of the settlement agreement, but Defendant has remained silent throughout this litigation. Therefore, the Court finds that enforcement of the Settlement Agreement is proper and will Recommend that judgment be entered for Plaintiff against Defendant in the amount of $564,027.45. *See Kelly v. Jormandy, Inc.*, 2005 WL 3177730 (W.D. Va. Nov. 29, 2005) (enforcing settlement agreement where defendant did not answer but agreement clearly reached after default was entered).[3]

Based upon the formal Settlement Agreement, Plaintiff also requests attorneys' fees and costs. [#30 at 5] The formal Settlement Agreement includes a provision for attorneys' fees and costs "[i]n the event a Party incurs legal expense to interpret,

---

[3] "Of course, federal law governs the accrual of post-judgment interest." *Id.* at *1, n.5 (citing 28 U.S.C. § 1961).

6

enforce, or defend against a claim or violation of any provision of this [Settlement] Agreement." [#18-4 at 10]   But, that formal Settlement Agreement also states that it "shall be effective upon execution by the Parties," [*id.* at 11] something that never occurred.  Thus, because the formal Settlement Agreement by its own terms only becomes effective upon execution by the parties, and because that execution never occurred, the Court finds that the formal Settlement Agreement was not entered into by the parties.  Because the formal Settlement Agreement provides the basis for Plaintiff's request for attorneys' fees and costs, the Court RECOMMENDS denying the Motion to the extent it seeks attorneys' fees and costs.

### III.   CONCLUSION

For the foregoing reasons, this Court respectfully **RECOMMENDS** that:

(1)   Plaintiff's Motion [#18] be **GRANTED** to the extent it seeks an entry of judgment in the amount of $564,027.45; and

      (2)      Plaintiff's Motion [#18] be **DENIED** to the extent it seeks attorneys' fees and costs.[4]

DATED: August 14, 2017

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

---

[4] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

8